WILBUR NAUMAN, PLAINTIFF-RESPONDENT, v. CENTRAL & LAFAYETTE REALTY COMPANY, INC., DEFENDANT-APPELLANT.

Argued May 4, 1948—Decided July 29, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiff-respondent, *Mintz & Herships* (*Hymen B. Mintz,* of counsel).

For the defendant-appellant, *George F. Lahey, Jr.*

The opinion of the court was delivered by

BURLING, J. This is an appeal by defendant from a judgment for the plaintiff, against the defendant, resulting from a verdict rendered by a jury in the Essex County Court of Common Pleas. The grounds of appeal are based on the refusal of the trial judge to grant motions by the defendant for a nonsuit and a directed verdict on the ground of plaintiff's assumption of risk and contributory negligence as a

matter of law, and also the refusal to grant defendant's requests to charge pertaining to such contributory negligence and assumption of risk.

The complaint contained two counts. Both counts alleged that the defendant was the owner of premises situate 850 Broad Street, Newark, and that the plaintiff was an employee of one of the tenants in said building. That the defendant was in control and management of the premises including the stairways used in common by the tenants and employees of the tenants of said building. That on January 5th, 1944, the plaintiff as an implied invitee of said premises, while descending from the fourth to the third floor by one of the stairways known as the back stairway, missed his footing and slipped on the top of the first landing and was injured. The gravamen of the first count was that the construction of the back steps of the premises constituted a hazardous and dangerous condition, in that there was a double landing at the turn of the stairway midway between the fourth and third floors. At the conclusion of the plaintiff's case, motion was made and was granted that there was no proof that the construction of the stairway deviated from the standard in general use to effect its purpose or was in violation of any ordinance or statute relating thereto. The gravamen of the second count was that the defendant assumed the duty of maintaining "proper lights on the back stairways so that users of said stairways could do so safely." As to the second count, motion was made for a nonsuit upon the ground of contributory negligence of the plaintiff and his assumption of risk. This motion was denied. At the conclusion of the entire case motion was made for a directed verdict for the defendant upon the same ground and denied.

The defendant owed the plaintiff the duty of exercising ordinary care to make the premises reasonably safe. Assuming, but without deciding, that the defendant breached a duty resting upon him to artificially light the stairway in question, we are of the opinion that it conclusively appears that the plaintiff assumed the risk of the dangers resulting from his use of the stairway under the circumstances and such being the case the motions at issue should have been granted.

It is well established that on a motion for a nonsuit the defendant admits the truth of the plaintiff's evidence and of every favorable inference fairly to be deduced therefrom, but denies their sufficiency in law. Applying this principle to the case at hand it appears that the plaintiff was advertising manager of a tenant in the building and in his work on the afternoon of January 5th, 1944, was required to go from his employer's offices on the fourth floor to those on the third floor. He went to the rear stairway which was close and convenient to his office and which he had used, for his convenience, many times prior to the event, extending over a period of two years. At the time of his entering into the stairway he observed there was no artificial light on the stairway as the lights on the third and fourth floors were not lighted. This condition had existed on previous occasions when he used the stairway. Plaintiff walked down the first flight of steps until he came to a landing midway between the floors which landing consisted of two sections. Because of the inadequacy of light at the landings, which was described as being like a twilight, a dark twilight, the two sections of the landing appeared to be blended into one. There was some reflected daylight which came from a large skylight on the floor above. He stepped off the edge of the first section of the landing and fell down and sustained injuries to his back.

To recover, it was the responsibility of the plaintiff to prove by the preponderance of the evidence that the *proximate cause of his injuries* was the failure or lack of lights as that was the sole and remaining gist of the alleged actionable negligence. If that be so, then he assumed to his knowledge the risk of danger from the very thing which is the foundation of the complaint. Within his knowledge, there was also available to him for use an elevator and the front stairway. *Costlanzo* v. *Prudential Insurance Co., Inc. (Supreme Court,* 1938), 121 *N. J. L.* 361 (at *p.* 363). There was janitor service in the building. The janitor could have been advised and a correction made before the descent was undertaken.

The test is whether an ordinary prudent person would under the same or similar circumstances have incurred the risk which such conduct involved. *Solomon* v. *Finer (Su-*

*preme Court,* 1935), 115 *N. J. L.* 404; *Bianchi* v. *South Park Presbyterian Church* (*Court of Errors and Appeals,* 1939), 123 *Id.* 325. Where it indisputably appears to the contrary, the question is one of law for the court.

This conclusion does not require the disposition of the remaining grounds of appeal. The motions at issue should have been granted. The judgment is reversed.